IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEN TURKMENLER, | ) | |
|---|---|---|
| | ) | Civil Action No. 11-1298 |
| Plaintiff, | ) | Magistrate Judge Cynthia Reed Eddy |
| | ) | |
| v. | ) | |
| | ) | |
| ALMATIS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Procedural History**

On October 11, 2011, Ken Turkmenler ["Plaintiff"] filed a Complaint in Civil Action against his former employer, Almatis Inc. ["Defendant"] alleging (1) breach of contract, (2) failure to remit payments for severance, profit sharing, management incentives and accrued vacation time in violation of the Pennsylvania Wage Payment and Collection Law ["WPCL"], and (3) seeking an accounting to show the monies owed to Plaintiff. On November 29, 2011, Defendant filed a Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 3], and corresponding Brief in Support of the Motion to dismiss the breach of contract claim and WPCL claims for severance and profit sharing. With the Rule 12(b)(6) Motion, Defendant attached a Declaration of Karen M. Howe, Defendant's Human Resource Manager, an Employment Agreement executed between the parties, and Defendant's Severance Pay Plan and Savings Plan as Exhibits [ECF 3-1, 3-2]. Plaintiff responded to Defendant's Rule 12(b)(6) Motion on December 22, 2011 and filed a Memorandum of Law in Support of his Response [ECF 5, 6]. In his Response, Plaintiff opposed dismissal of his breach of contract claims along

with the WPCL claims for unpaid management incentives and accrued vacation time, but agreed to withdraw his claims against Defendant for severance and profit sharing monies under the WPCL. [ECF No. 5], Pl.'s Response to Def.'s Mot. to Dismiss Pl.'s Compl. Pursuant to 12(b)(6) at ¶4.

## II. Jurisdiction

Under the Federal Magistrate Judges Act ["Act"], a Magistrate Judge's jurisdiction may arise through the consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Such a referral gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D.Pa. 2007). "[S]o long as consent [to Magistrate Judge jurisdiction] is clear and unambiguous, it is effective." *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d at 535; *Roell*, 538 U.S. at 591 (consent may be inferred from parties' actions).

The instant case was reassigned to Magistrate Judge Cynthia Reed Eddy on October 27, 2011. Subsequently, both parties consented to Magistrate Judge jurisdiction. (Defendant submitted his consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(c)(1) on February 27, 2011; Plaintiff submitted his consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(c)(1) on March 16, 2012. Each party stated: "I voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial and entry of a final judgment, with direct review by the United States Court of Appeals for the Third

Circuit if an appeal is filed." *See* Def.'s Consent to Jurisdiction by United States Magistrate Judge, [ECF No. 10]; Pl.'s Consent to Jurisdiction by United States Magistrate Judge, [ECF No. 15]. Therefore, this Court has jurisdiction to decide dispositive motions and eventually, to enter final judgment.

### III. Statement of Relevant Facts

Plaintiff is a Canadian citizen with a residence in Ontario who relocated to Pittsburgh, Pennsylvania to initiate work for Defendant on August 23, 2010. [ECF No. 1], Compl. at ¶ 14-15. Prior to beginning work, on August 19, 2010, the parties entered into an Employment Agreement which provided that the employment relationship was at-will. [ECF No. 3], Def.'s Mot. for Partial Dismissal at Ex. A. The at-will provision explicitly provides:

> At-Will Employment.
>
> Notwithstanding any language elsewhere in this Agreement, the employment arrangement under this Agreement is a strictly "at-will" employment relationship of no specific duration, and subject to termination at the voluntary option of either me or Almatis.

*Id.* at ¶ 2. The Employment Agreement further provides that "Almatis employs me and I accept employment as an at-will employee," and "ALMATIS OR I MAY TERMINATE MY EMPLOYMENT AT ANY TIME, WITH OR WITHOUT CAUSE AND WITH OR WITHOUT NOTICE." *Id.* at ¶ 1, 4 (capitalization in original). The Employment Agreement also includes a "no-oral modification" clause stating: "This agreement may not be superseded, amended, or modified except by a written agreement signed by me and a vice president of Almatis." *Id.* at ¶ 14. Additionally, the Employment Agreement contains the following integration clause: "This Agreement is the entire agreement between the parties with respect to the matters covered by this Agreement and it replaces all previous agreements, oral or written, between the parties regarding

3

such matters." *Id*. at ¶ 17. Plaintiff admits he executed the Employment Agreement. [ECF No. 5], Pl.'s Response to Def.'s Mot. to Dismiss at ¶ 2.

After working for Defendant for approximately one year, on August 22, 2011, according to Defendant, Plaintiff was terminated for violating Defendant's "computer access policy." Compl. at ¶17-19. Plaintiff alleges he gave Defendant additional consideration for his employment, and this created an implied in fact contract that guaranteed him employment for a reasonable period of time. *Id*. at ¶ 30. Plaintiff alleges that his termination breached this implied-in-fact contract, and he should be permitted to recover damages for a reasonable period of time, which he quantifies as two years. *Id*. at ¶ 31. Plaintiff's additional consideration includes that he (1) was forced to be absent from his wife and children; (2) entered into a rental agreement for a property in Pittsburgh which required the payment of ongoing rent; (3) purchased a vehicle that cannot be returned to Canada; and (4) gave up the possibility of other employment. *Id*. at ¶¶16, 25-27. Defendant argues that Plaintiff cannot recover under an implied employment contract theory because the Employment Agreement executed by the parties explicitly states the employment relationship is at-will, and the "additional consideration" proffered in support of an implied contract for a "reasonable term" falls far short of the clear and convincing evidence that would suffice to overcome the at-will language of the Employment Agreement. Def.'s Brief in Support of Mot. for Partial Dismissal at 5.

**IV. Federal Rule of Civil Procedure 12(b)(6)**

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868

F.2d 644, 645 (3d Cir. 1989). The United States Supreme Court has found that a dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Stated differently, allegations of the complaint must be factually grounded to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss, it may consider documents integral to or explicitly relied upon in a complaint without converting the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[s]." *Miller v. Clinton Cty.*, 544 F.3d 542, 550 (3d Cir. 2008). Any other rule would permit a "plaintiff with a legally deficient claim to survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

With its Motion for Partial Dismissal, Defendant attached the written Employment Agreement executed on August 19, 2010 by both parties. Def.'s Mot. for Partial Dismissal at Ex. A. Although Plaintiff failed to include the Employment Agreement in his Complaint, this Court may consider the Employment Agreement in conjunction with Plaintiff's allegation for breach of

contract because Plaintiff's claims are based on the Employment Agreement. Defendant also attached with its Motion for Partial Dismissal the Defendant's Severance Pay Plan Policy and its 401(k) Savings Plan. Def.'s Mot. for Partial Dismissal at Ex.'s B, C. This Court may consider such documents in conjunction with Plaintiff's claims under the Pennsylvania Wage Payment and Collection Law.

### V. The Written Employment Contract is Explicitly an At-Will Agreement

Plaintiff's claim for a breach of implied contract fails as a matter of law because Plaintiff entered into an express, written contract specifically defining his employment as at-will. It is well-settled that where an express written agreement has been validly entered into by both parties, a party may not allege that an implied contract exists as to terms in the written agreement.[1] *Baer v. Chase*, 392 F.3d 609, 616-17 (3d Cir. 2004) (citing *Klebe v. United States*, 263 U.S. 188, 191-92 (1923)); *18 KT.TV, LLC v. Entest Biomedical, Inc.*, 2011 WL 5374515 *5 (M.D.Pa. 2011) ("an implied contract cannot, by definition, exist within the same transaction as an express contract"). Specifically, a "claim of an implied-in-fact contract, in the face of an express agreement governing the same subject matter is legally untenable. There cannot be an implied-in-fact contract if there is an express contract that covers the same subject matter." *Baer*, 392 F.2d at 616-17. The theories of express contracts and implied-in-fact contracts are mutually exclusive. *Id.* at 617; *Brunwasser v. United States*, 2008 WL 5216253 at *5 (W.D.Pa. 2008)

---

[1] In this case, Pennsylvania law applies. Although the Employment Agreement states that any interpretation of the Agreement is "governed by and interpreted under Delaware law[,]" there would be no difference in the litigation's outcome should either Pennsylvania or Delaware law apply because Delaware contract law yields the same result as application of Pennsylvania contract law. Under the law of both states, a plaintiff may not recover under an implied contract theory where an express, written, and executed agreement exists. *See WaveDivision Holdings, LLC v. Millennium Digital Media Systems*, LLC, 2010 WL 3706624 *19 (Del. Ch. 2010) (implied contracts claims preempted by assertion of express, written agreement); *Chrysler Corp., Airtemp Corp.*, 426 A.2d 845, 854 (Del. Super. 1980) ("courts of this State have long recognized that recovery [on an implied contract] theory will be considered only if it is determined that the relationship of the parties is not governed by an express contract"). Defendant states that the application of Pennsylvania or Delaware law yields the same result and Plaintiff only relies on Pennsylvania law as authority, thus Pennsylvania law will apply. *See* Def.'s Brief in Support of Motion for Partial Dismissal of Compl. at 5; Pl.'s Memorandum of Law in Response to Def.'s Mot. to Dismiss Pl.'s Compl. Pursuant to 12(b)(6) at 3-6.

(identical express and implied in fact contracts cannot coexist). "To be valid, an implied contract must be 'entirely unrelated to the express contract.'" *Grimm v. Discover Fin. Serv.*, 2008 WL 4821695 (W.D.Pa. 2008) (quoting *Klebe*, 263 U.S. at 191-92).

The parties entered into an express, written Employment Agreement prior to Plaintiff's employment which specifically provided that the employment relationship was at-will and it could be terminated at any time and by either party. Plaintiff concedes that he entered into the Employment Agreement with Defendant, expressly acknowledging his employment status as at-will. Plaintiff is seeking to create an implied contract that alters the same subject matter covered in the express Employment Agreement executed by the parties. Plaintiff may not allege that his employment status is now contractual in nature because such a finding would directly contradict the express terms of his Employment Agreement, i.e., his at-will employment status.

## VI. Breach of Implied Contract

Assuming the written employment agreement was ambiguous regarding the at-will employment relationship, for purposes of discussion only, Plaintiff's breach of implied employment contract claim fails as a matter of law. In Pennsylvania, there is a strong presumption of at-will employment for all employment relationships. *Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 435 (3d Cir. 1986). *See also*, *Koller v. Riley Riper Hollin & Colagreco*, 2012 WL 628009 (E.D.Pa. 2012). This allows either party to end the employment relationship at any time and for any reason. *Id*. "The court itself may answer questions of fact regarding the at-will presumption when the resolution of the issue is so clear that reasonable minds would not differ on its outcome." *Woods v. Era Med. LLC*, 677 F. Supp. 2d 806, 817 (E.D.Pa. 2010).

Although Pennsylvania is a strong at-will state, the at-will presumption may be rebutted in certain instances. *Schoch v. First Fidelity Bank Corp.*, 912 F.2d 654, 660 (3d Cir. 1990). A plaintiff may attempt to rebut the at-will presumption by establishing any of the following: "(1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy exception." *Kane v. Platinum Healthcare, LLC*, 2011 WL 248494 at *4 (E.D.Pa. 2011) (quoting *Rapagnani v. Judas Co.*, 736 A.2d 666, 669 (Pa. Super. 1999)). In the instant case, Plaintiff relies solely on the implied contract theory arising from additional consideration. The at-will presumption may be overcome if additional consideration passes from the employee to the employer "from which the court can infer the parties intended to overcome the at-will presumption," creating an implied-in-fact contract. *Raines v. Haverford Coll.*, 849 F. Supp. 1009, 1012 (E.D.Pa. 1994). To establish sufficient additional consideration, an employee must illustrate that he "afford[ed] his employer a substantial benefit other than the services which the employee [was] hired to perform, or [show he underwent] a substantial hardship other than the services which he [was] hired to perform." *Kane,* 2011 WL 248494 at *4 (E.D.Pa. 2011) (quoting *Darlington v. Gen. Elec.*, 504 A.2d 306, 315 (Pa. Super. 1986)).

The plaintiff has the burden to present facts to overcome the at-will presumption. *Murray*, 782 F.2d at 435. "This standard for rebuttal imposes a high burden on plaintiffs" and, "Pennsylvania courts construe additional consideration narrowly and require the plaintiff to show an 'extraordinary' benefit or detriment." *Kane*, 2011 WL 248494 at *4. If the plaintiff can show sufficient evidence of additional consideration in return for his employment, "he is deemed to have purchased the employment for at least a reasonable period where the duration of the employment is not otherwise defined." *Bravman v. Bassett Furniture Indus., Inc.*, 552 F.2d 90,

8

93 (3d Cir. 1977). Such a reasonable period is "typically measured in days or months." *Zysk v. FFE Minerals USA Inc.*, 225 F. Supp. 2d 482, 502 (E.D.Pa. 2001) (employee's relocation was sufficient additional consideration, but because plaintiff was employed for two years, employee was no longer protected against discharge). Evidence of additional consideration includes, but is not limited to, sacrificing or resigning from other employment opportunities, relocation, and the purchase or sale of a home. *Bair v. Purcell*, 500 F. Supp. 2d 468, 477 (M.D.Pa. 2007) (sufficient additional consideration where employee relocated to Pennsylvania from Georgia, sold his home at a distressed rate, and resigned from his former job; plaintiff "came to the employment relationship with bargaining strength greater than that of the usual employee").

Although a plaintiff may rebut his at-will status by establishing additional consideration, where a plaintiff has acknowledged that his employment is at-will, a showing of additional consideration will not suffice to rebut the presumption. *Willis v. American Customer Care*, 2006 WL 3042982 (M.D.Pa. 2006); *Sharp v. BW/IP Intern., Inc.*, 991 F. Supp. 451 (E.D.Pa. 1998) ("employee must show that both parties intended to make a contract"). *See also Peremeter v. Crown Cork & Seal Co., Inc.,* 38 F. Supp. 2d 372, 380 (E.D.Pa. 1999) ("Even if the court were to find additional consideration, the [at-will] disclaimers require the court to interpret this as an at-will contract").

In *Willis*, the employee argued that because she provided the employer additional consideration, the at-will presumption was rebutted. *Id*. at *7. The employee resigned from her former job, signed a one-year lease on a house, moved from Ohio to Pennsylvania and prepared her family to do so. *Id*. at *8. The court did not find this dispositive because the employee was "given an orientation packet that included a document entitled 'Employment At Will Disclaimer.'" *Id* at *7. The breach of contract claim failed due to the employee's admitted

9

receipt of the disclaimer, because it "constrain[ed the court] to construe her employment as of an at-will nature. To do otherwise would render the disclaimer meaningless." *Id*. Because the employee recognized her at-will status at the inception of her employment, it "deprive[d] her of the argument that this status was somehow eviscerated by the additional consideration she claim[ed] to have provided." *Id*. at *8. Thus, the plaintiff's mere acknowledgment of her at-will status tipped the balance in favor of finding her employment as at-will. *Id*.

The United States District Court for the Eastern District of Pennsylvania in *Sharp v. BW/IP Intern*., Inc., 991 F. Supp. 451 (E.D.Pa. 1998) held that where parties agreed to at-will employment, additional consideration is insufficient to rebut the at-will presumption. *Id*. at 459 (plaintiff sold home to move closer to his workplace at immediate supervisor's request and was subsequently terminated). In *Sharp*, the employee, before initiating his employment, received an offer letter stating that his employment status was at-will and also signed a disclaimer acknowledging his employment status was at-will. *Id*. The court refused to rebut the at-will presumption because the parties "specifically agreed that the employment [was] at-will, [and] even though additional consideration [was] present, [a court must] construe the contract according to the parties' stated intention," and find the employment was at will. *Id*. (relocation was not discussed prior to employment and no one, aside from the immediate supervisor, indicated that employment was contingent upon the plaintiff's relocation). Accordingly, where an employee has acknowledged or signed a document recognizing his employment as at-will, he may not rebut that presumption by alleging an implied-in-fact contract based upon the employee's additional consideration.

In the instant case, prior to Plaintiff's acceptance of employment with Defendant, the parties specifically agreed that Plaintiff's employment was at-will. It is undisputed that Plaintiff

10

received and executed the Employment Agreement. Despite the fact that Plaintiff moved from Canada, left his former employment, entered into a rental agreement, purchased a car which cannot be transported back to Canada and left his wife and children for a period of time, Plaintiff's acknowledgment and execution of the Employment Agreement stating that he was an at-will employee dictates that his employment was of an at-will nature. To find otherwise would render the Employment Agreement meaningless.

The at-will employment relationship was made fully known to Plaintiff at the inception of his employment and deprives him of any argument that additional consideration eviscerates his at-will status. Further, because the Employment Agreement stated that there could be no modifications to the contract without written agreement between the Plaintiff and a vice president of Almatis Inc., it was the intent of the parties to create an at-will employment relationship. Accordingly, Plaintiff cannot maintain an action for breach of contract because his employment relationship was at-will.

## VII. Pennsylvania Wage Payment and Collection Law

Defendant's Motion for Partial Dismissal also requests this Court to dismiss his WPCL claims to the extent Plaintiff seeks to recover severance and profit sharing because such claims are preempted by ERISA. In Plaintiff's Response to Defendant's Motion to Dismiss, he states he is withdrawing his claims to recover severance and profit sharing.

Such claims are preempted by ERISA as Defendant asserts. ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(c). It is well-settled that severance plans and profit sharing plans are preempted by ERISA because they are considered "employee benefit plans" under the statute. *See Pane v. RCA Corp.*, 868 F.2d 631, 634 (3d Cir. 1989); *Harding v. Duquesne Light Co.*, 882 F. Supp. 422, 427

(W.D.Pa. 1995) (WPCL claims for severance plan were preempted by ERISA); *Feret v. Corestates Fin. Corp.*, 1998 WL 512933 (E.D.Pa. 1998) (claim under WPCL for a "Savings Plan" was preempted by ERISA).

## VIII. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Partial Dismissal [ECF No. 3].

An appropriate Order will be entered.

s/ Cynthia Reed Eddy
The Honorable Cynthia Reed Eddy
United States Magistrate Judge

cc: via ECF:   Timothy M. Kolman
              Patrick F. Kilker